IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER, | 1:11-cv-01392-LJO-JLT |
| Plaintiff, | FINDING AND RECOMMENDATION TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS THE ACTION |
| vs. | |
| BAKERSFIELD CITY, et al., | (DOCS 1 & 2) |
| Defendants. | |

Plaintiff has filed a civil rights action pursuant to 42 U.S.C. § 1983, along with an application to proceed in forma pauperis. This proceeding was referred to this Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302.

**I.    IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The Court recommends that the application to proceed in forma pauperis be denied because, as discussed below, the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).[1]

---

[1] Plaintiff is a frequent filer of non-meritorious lawsuits in this district. See e.g., Wheeler v. 1 United States, No. 11-cv-1045 LJO JLT (E.D. Cal.); Wheeler v. American Tobacco Co., Inc., No. 10-cv-0851 OWW JLT (E.D. Cal.); Wheeler v. Payless Towing, No. 09-cv-1829 LJO SMS (E.D. Cal.); Wheeler v. Bank of America, No. 11-cv-01270 LJO JLT (E.D. Cal.). Plaintiff is again forewarned that repeated filing of frivolous cases lacking in merit may result in the Court ordering Plaintiff to show cause why he should not be declared a vexatious litigant and pre-filing restrictions be imposed. See De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990).

-1-

**II.     SCREENING REQUIREMENT**

The Court is required to review a case filed in forma pauperis. See 28 U.S.C. § 1915(e)(2). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**III.    THE COMPLAINT**

Plaintiff alleges as follows. On August 16, 2011, Plaintiff received a "Notice of Violation" from a code enforcement officer for parking his vehicle on an unpaved surface, a violation of Bakersfield's Municipal Code Section 10.32.160. ("BMC 10.32.160") Doc. 1 at 10. At time he received the notice, Plaintiff's vehicle was parked on grass, adjacent to the garage of his rental property located in Bakersfield, California. Doc. 1 at 4. BMC 10.32.160 provides:

> No person shall park any motor vehicle, trailer, camper, boat, or other mobile equipment on any unpaved area in any front yard, any rear yard, which rear yard is open to public view from any public right of way, any side yard, or on any other unpaved public or private property.

1   Doc. 1 at 12.

2   The notice advised Plaintiff that he had twenty-four hours to remove his vehicle or a
3   $35.00 parking citation would be issued. Doc. 1 at 10. Plaintiff also alleges that in order to
4   obtain the vehicle's license number, the enforcement officer must have entered Plaintiff's
5   property without authority or Plaintiff's consent. According to the factual allegations of
6   Plaintiff's complaint, the license number, was not visible from the front of Plaintiff's property.
7   Doc. 1 at 5.

8   Following this notice, the City provided Plaintiff a seven-day notice to abate the
9   violation, dated August 17, 2011, which advised that: (1) a re-inspection would take place no
10  sooner than twelve days from the date of the letter; and (2) asked Plaintiff to contact the officer
11  prior to the re-inspection date to discuss informal resolution of the manner; and (3) advised
12  Plaintiff of the additional fees the City would seek from Plaintiff should if the condition were not
13  "resolved." See Doc. 1 at 11.

14  Based on the foregoing allegations, on August 22, 2011, Plaintiff filed the instant matter
15  pursuant to 42 U.S.C. § 1983, alleging that Defendant's ordinance deprives him of his property in
16  violation of federal due process. Doc. 1 at 1, 4-5. In addition, Plaintiff contends the officer's
17  entry to his property violated the Fourth Amendment's prohibition against unreasonable searches
18  and seizure. Id. at 4. Plaintiff seeks both injunctive relief and monetary damages. Id. at 5-7.

19  **IV.   DISCUSSION**

20  The Civil Rights Act under which this action was filed provides a cause of action against
21  any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of
22  the United States or other person within the jurisdiction thereof to the deprivation of any rights,
23  privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C.
24  § 1983. In other words, to prove a violation of § 1983, a plaintiff must establish that (1) the
25  defendant deprived him of a constitutional or federal right, and (2) the defendant acted under
26  color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d
27  1145, 1147 (9th Cir. 1989).
28  ///

**A.     Procedural and Substantive Due Process**

Though the Constitution itself does not confer specific property interests, Board of Regents v. Roth, 408 U.S. 564, 577 (1972), a property interest that has been initially recognized and protected by state law may be protected by the Due Process Clause, Paul v. Davis, 424 U.S. 693, 710 (1976). Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). Due process only guarantees prior notice, however, if the deprivation of property was the result of "established state procedure." Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–37 (1982). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990).

Though not entirely clear, Plaintiff appears to contends that by issuing its notice of violation, Defendant deprived Plaintiff of constitutionally protected property interests. Doc. 1 at 1. However, it apparent from Defendant's notice and subsequent letter, that the City's procedures provide adequate notice and opportunity to be heard. Defendant's notice first advised that a party may avoid a citation by simply curing the violation. Id. at 8. By way of a subsequent letter, Plaintiff was encouraged to contact the officer and informally resolve the matter before Defendant imposed fees necessary to enforce its municipal code. Id. at 9. Finally, if the charged condition was not abated, Defendant would be provided a hearing. Id. at 9.

In this case, Plaintiff fails to identify, what procedures were inadequate or in any way suggest deficiencies in Defendant's procedures. In light of these shortcomings and the procedural protections in place, Plaintiff's due process challenge to the Defendant's municipal code fails to state a cognizable claim.

Plaintiff's complaint also fails to state a cognizable claim under a theory of substantive due process. "To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest. [Citation]" Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008). In order to state a cognizable substantive due process claim, Plaintiff must allege defendant's actions were "'clearly

arbitrary and unreasonable, have no substantial relation to the public health, safety, morals or general welfare [Citations].'" Kawaoka v. City of Arroyo Grande, 17 F.3d 1227, 1234 (9th Cir. 1994) ("Kawaoka"). Unless the reasoning behind defendants' conduct is "invidious or irrational, the deprivation is constitutional." Sinaloa Lake Owners Assn. v. City of Simi Valley, 882 F.2d 1398, 1410 n. 14 (9th Cir. 1989) (citations omitted).

Federal Courts evaluating a substantive due process challenge to governmental action that does not impinge on a fundamental right, (e.g. marriage, family, and procreation), "do not require that the government's action actually advance its stated purposes, but merely look to see whether the government either could have had a legitimate reason for acting as it did." Halverson v. Skagit County, 42 F.3d 1257,1262 (9th Cir. 1994). "If it is '"at least fairly debatable"' that the city's regulation was "rationally related to legitimate governmental interests" the regulation "must be upheld." Kawaoka, 17 F.3d at 1234.

Here, Plaintiff has not alleged any facts that would support a claim that the Defendant's code is "unreasonable" or "irrational" and has "no substantial relation" to a legitimate government interest. Moreover, the Court finds that Defendant "could have had" a legitimate justification for its code in that it may serve to enhance the aesthetics of the city's neighborhoods or promote safety by reducing the potential for fire. Because it is "at least fairly debatable" that Defendant's municipal code was "rationally related to [a] legitimate governmental interest, Plaintiff cannot successfully state a cognizable substantive due process claim. Kawaoka at 1234.

**B.     Unreasonable Search and Seizure**

Plaintiff next contends the code enforcement officer's entry onto his rental property was unauthorized and in violation of his Fourth Amendment rights. According to the complaint, Plaintiff's vehicle was parked so that the rear of the vehicle was facing the street and the vehicle's "rear license plate" was "in the front seat". See Doc. 1 at 4. According to Plaintiff, the officer entered Plaintiff's property to obtain the vehicle's license number, apparently visible from the front of the vehicle. Id. Plaintiff contends that the officer had "no right to trespass" on his property to either issue the notice or view the vehicle's front license plate. See Doc. 1 at 4.

In order to prevail on a Fourth Amendment claim, one must "demonstrate that he

personally has an expectation of privacy in the place searched, and that his expectation is reasonable; *i.e.*, one which has 'a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.'" Minnesota v. Carter, 525 U.S. 83, 88 (1998) (citation omitted). "Unfortunately, there can be no ready test for determining reasonableness other than by balancing the need to search against the invasion which the search entails." Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523, 536-37 (1967). However, "one governing principle, justified by history and by current experience, has consistently been followed: except in certain carefully defined classes of cases, a search of private property without proper consent is 'unreasonable' unless it has been authorized by a valid search warrant." Id. at 528-29.

Regarding entries onto private land to abate a suspected nuisance, the Ninth Circuit has generally upheld the warrant requirement, however where the area searched is within the curtilage of the home and only semi-private, the Ninth Circuit has denied a Fourth Amendment claim. Maisano v. Welcher, 940 F.2d 499, 503 (9th Cir. 1991) (upholding the warrantless seizure of an automobile from a driveway and stating that "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection.").

In addition, the Ninth Circuit has noted that "[a] driveway is only a semiprivate area" and that the "expectation of privacy which a possessor of land may reasonably have while carrying on activities on his driveway will generally depend upon the nature of the activities and the degree of visibility from the street." United States v. Magana, 512 F.2d 1169, 1171 (9th Cir. 1975). Thus, a person may establish a reasonable expectation of privacy in his or her driveway if he or she demonstrates the existence of special features of the driveway itself (i.e. enclosures, barriers, lack of visibility from the street) or the nature of activities performed upon it. Maisano, 940 F.2d at 503. However, if the vehicle is on a driveway and fully visible from the street, and no other special features are present, a court may conclude that the plaintiff did not have a reasonable expectation of privacy.

As Plaintiff does not allege the existence of any "enclosures" or "barriers," or "a lack of visibility from the street," the Court concludes that Plaintiff did not have a reasonable

expectation of privacy for the area where his vehicle was parked. Maisano, 940 F.2d at 503. In addition, according to the complaint, though the officer entered the curtilage of Plaintiff's residence to view and record the vehicle's license number, the vehicle was visible from the front of Plaintiff's property, and thus "knowingly exposed" to the public. See Doc. 1 at 4. As such, Plaintiff's vehicle was "not a subject of Fourth Amendment protection." Maisano v. Welcher, at 503.

Even assuming the viability of Plaintiff's Fourth Amendment claim, Defendant may not be held liable for the enforcement officer's action solely because the officer was the Defendant's employee. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") To impose liability on a municipal entity under section 1983 for violations of a Plaintiff's constitutional rights, Plaintiffs must prove that: (1) the municipality had a policy; (2) the policy amounted to "deliberate indifference to Plaintiff's constitutional right"; and (3) the policy was "the moving force behind the constitutional violation." Oviatt v. Pierce, 954 F.2d 1470, 1474 (9th Cir. 1992).

In Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996), the Ninth Circuit additionally clarified that "[a]bsent a formal governmental policy, [Plaintiffs] must show a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Id. In addition Plaintiffs must demonstrate the custom is "so persistent and widespread that it constitutes a permanent and well settled city policy." Id. (internal quotations omitted). At most, Plaintiff has alleged that he was subject to a single search by the enforcement officer which he contends violated his Fourth Amendment rights. Even in the light most favorable to Plaintiff, he cannot establish that Defendant had a "widespread" practice that was "pervasive" or "standard operating procedure." Id. Accordingly, Plaintiff's Fourth Amendment claim fails to state a cognizable claim.

**C.   No Leave to Amend**

The Court will not afford Plaintiff leave to amend. The Court finds that amendment would be futile because Plaintiff cannot allege additional facts to cure the deficiencies inherent to

his claims. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citation omitted).

## IV.     CONCLUSION

In accordance with the above, it is **HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis (Doc. 2) be **DENIED**; and

2. This action be **DISMISSED** for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. If Plaintiff elects to file written objections, he should caption the document as "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 29, 2011**            **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE